UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
GW HOLDINGS GROUP, LLC,              :
                                     :
            Plaintiff,               :
                                     :
    -against-                        :   No. 18 Civ. 4997 (JFK)
                                     :   **OPINION & ORDER**
US HIGHLAND, INC.,                   :
                                     :
            Defendant.               :
                                     :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/13/2019

APPEARANCES

FOR PLAINTIFF GW HOLDINGS GROUP, LLC
    Jeffrey Fleischmann
    LAW OFFICES OF JEFFREY FLEISCHMANN, PC

FOR DEFENDANT US HIGHLAND, INC.
    Gage Sterling Fender
    Jeffrey Wayne Steidley
    THE STEIDLEY LAW FIRM
    Matthew Tracy
    WINGET, SPADAFORA & SCHWARTZBERG, LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Defendant US Highland, Inc. ("Highland" or "Defendant") to dismiss Plaintiff GW Holdings Group, LLC's ("Plaintiff" or "GW") complaint. For the reasons below, Defendant's motion is granted.

## I. Background

### A. Factual Background

    The Court takes the following facts and allegations from the complaint and, for the purposes of this motion, deems them to be true.

1

Plaintiff GW is a New York limited liability company with a place of business in Brooklyn, New York and members residing in New York and California. (Compl. ¶¶ 2-3.) On information and belief, Defendant Highland is a Nevada corporation with principal place of business in Atlanta, Georgia. (Id. ¶ 5.)

Following "arm's-length negotiations," Plaintiff and Defendant executed two securities purchase agreements—on May 17, 2016 and March 15, 2018—that provided for the Plaintiff's purchase of two Convertible Redeemable Promissory Notes (the "First Note" and "Second Note" respectively, collectively the "Notes"). (Id. ¶¶ 11-12, 21-22.) Both Notes (1) required Defendant to reserve a certain amount of shares of its common stock for Plaintiff's conversion, (2) gave Plaintiff "the right to periodically request that the number of Reserved Shares be increased [so as to equal at least] 400% of the number of shares of" Defendant's common stock issuable upon conversion of that Note, and (3) required Defendant to maintain with a transfer agent four times the amount of shares required if the Notes were to be fully converted. (Id. ¶¶ 13, 23.)

On or around March 21, 2018, Plaintiff "issued a notice of conversion, seeking to convert a portion of the First Note into shares of stock." (Id. ¶ 25.) Defendant honored the notice but used a portion of the stock reserve set up for the Second Note to comply. (Id.)

2

On or around April 27, 2018, Plaintiff issued an additional notice of conversion. (Id. ¶ 26.) Although Highland's CEO Everett Dickson ("Dickson") initially indicated that Highland would not honor the notice, Highland eventually permitted the conversion. (Id. ¶¶ 26-27.)

On or around May 10, 2018, however, Dickson advised Plaintiff that he would "block" future conversions. (Id. ¶ 28.) The next day, Highland's attorney sent a letter to the transfer agent instructing it not to honor conversion notices and asserting that past conversions were improper. (Id. ¶ 29.)

On or around May 14, 2018, Plaintiff requested that Defendant increase the number of shares in reserve in accordance with both Notes. (Id. ¶ 31.) Defendant refused in violation of both Notes and the securities purchase agreements. (Id.)

On May 11, May 22, and May 29, 2018, Plaintiff submitted notices of conversion which Defendant refused to honor in violation of the terms of the Notes. (Id. ¶¶ 32-39, 50.) Apparently around this time Defendant also became delinquent in various filings which also materially breached the terms of both Notes. (Id. ¶¶ 40-49.)

Plaintiff alleges that it is impossible for it to accurately calculate its losses from Highland's refusal to honor their conversion notices as Highland's stock price traded at various values throughout the periods when Plaintiff sought

3

conversion, and it is impossible to discern with any accuracy precisely when and how many converted shares Plaintiff would have sold had Highland honored the conversion. (Id. ¶ 54.)

### B. Procedural Background

On June 6, 2018, Plaintiff filed a complaint for specific performance, breach of contract, permanent injunction, and recovery of costs, expenses, and attorneys' fees. (Id. ¶¶ 57-87.) The complaint alleges that the Court has diversity jurisdiction over these state law claims pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (Id. ¶¶ 7-8.) Although Plaintiff acknowledged that its losses are "impossible" to calculate, it estimates its breach of contract damages to be "in excess of $225,000." (Id. ¶¶ 54, 72.)

On July 11, 2018, Defendant brought this motion to dismiss under Federal Rules of Civil Procedure 12(b)(1)[1] for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

## II. Defendant's 12(b)(1) Motion

When faced with a motion to dismiss pursuant to both Rule 12(b)(1) and 12(b)(6), a court should decide the "jurisdictional

---

[1] Despite what Defendant's memoranda indicates, a motion to dismiss for lack of subject matter jurisdiction arises under Rule 12(b)(1), not 12(b)(2). See Fed. R. Civ. P. 12.

4

question [under Rule 12(b)(1)] first because a disposition of a 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." Waldman v. Escobar, No. 08 Civ. 6405 (FM), 2009 WL 861068, at *2 (S.D.N.Y. Mar. 27, 2009) (quoting Tirone v. N.Y. Stock Exch., Inc., No. 05 Civ. 8703 (WHP), 2007 WL 2164064, at *3 (S.D.N.Y. July 27, 2007)).

Rule 12(b)(1) requires dismissal when "the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Under Rule 12(b)(1), "the court must accept all factual allegations in the complaint as true and draw inferences . . . in the light most favorable to the plaintiff." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

To invoke the Court's diversity jurisdiction, a plaintiff must show that (1) the parties are of diverse citizenship and (2) the amount in controversy exceeds $75,000. Waldman, 2009 WL 861068, at *4 (citing 28 U.S.C. § 1332(a)). A plaintiff "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). A court will presume that the amount in controversy a plaintiff states in the complaint is a good faith representation, a presumption rebuttable only if the defendant can show to "a legal certainty

5

that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." Remsen Funding Corp. v. Ocean West Holding Corp., No. 06 Civ. 15275 (DLC), 2007 WL 3254403, at *2 (S.D.N.Y. Nov. 1, 2007) (quoting Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006)). "However, of course, this face-of-the-complaint presumption is available only if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the jurisdictional minimum amount in controversy." Wood v. Maguire Auto. LLC, No. 5:09-CV-0640 (GTS/GHL), 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011) (citing Jordan v. Verizon Corp., 08-CV-6414 (GEL), 2008 WL 5209989, at *4 n.4 (S.D.N.Y. Dec. 10, 2008)).

Defendant argues that Plaintiff has failed to meet its burden of proving that the amount in controversy meets the $75,000 jurisdictional threshold. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 2, ECF No. 12 (filed July 11, 2018) [hereinafter "Supp."]; Def.'s Reply Mem. of Law in Supp. of Mot. to Dismiss at 3-4, ECF No. 26 (filed July 26, 2018) [hereinafter "Repl."].) In so arguing, Defendant relies on the inconsistency of Plaintiff's assertion that calculating its losses are impossible with their allegation—made "baldly and without connection to any discernable factual predicate"—that its damages on the breach of contract claim are in excess of

$225,000. (Supp. at 2; Repl. at 3-4.) Plaintiff responds that the "facts alleged in the complaint articulate [Plaintiff's] expectation that the conversion of the notes into the shares of stock (had its notices of conversion been honored) would have yielded [] monetary proceeds in excess of" $75,000. (Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss at 8, ECF No. 21 (filed July 23, 2018).)

Here, the complaint only states an amount of damages in connection with the breach of contract claim. Under New York law, which governs Plaintiff's claim, damages in a breach of contract case "are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed." Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y., 10 N.Y.3d 187, 195 (2008) (quoting Brushton-Moira Cent. School Dist. v. Thomas Assoc., 91 N.Y.2d 256, 261 (1998)). Plaintiff's states that, to be made whole, it is entitled to damages equivalent to "the difference between the share price on the day the conversion notices were sent and the day that [P]laintiff is ultimately able to convert." (Opp. at 10 n.1.) This amount is apparently "in excess of $225,000." That estimate, however, is conclusory as there are no factual allegations in the complaint to substantiate that estimate or explain how Plaintiff reached it. Without such a showing, the

Court is unable to assess whether there is a "reasonable probability" that these damages necessarily exceed the $75,000 jurisdictional threshold. Accordingly, Plaintiff has failed to satisfy the burden that would allow it to invoke the Court's subject matter jurisdiction over this case and this complaint must be dismissed. Tongkook, 14 F.3d at 784; LaSala v. E*Trade Sec. LLC, No. 05 Civ. 5869 (SAS), 2005 WL 2848853, at *5 (S.D.N.Y. Oct. 31, 2005).

As the Court has found this complaint can be dismissed for lack of subject matter jurisdiction, it declines to address Defendant's Rule 12(b)(6) arguments at this time.

### III. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment is not warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)).

Accordingly, should Plaintiff wish to amend its complaint, it must demonstrate (1) how it will cure the deficiencies identified above and (2) that justice requires granting leave to

amend. Such demonstration shall be filed within 30 days of the date of this Opinion.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 11 and close this case.

**SO ORDERED.**

Dated:   New York, New York
         March 13, 2019

John F. Keenan
United States District Judge