UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GW HOLDINGS GROUP, LLC, a New York Limited Liability Company,

                 Plaintiff,

   - against -

CRUZANI, INC., f/k/a US HIGHLAND, INC., a Nevada Corporation,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 18-cv-4997-JFK

**DECLARATION OF JEFFREY FLEISCHMANN**

    JEFFREY FLEISCHMANN hereby affirms to the truth of the foregoing under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

    1.    I am the attorney for GW Holdings Group, LLC ("GW" or "Plaintiff"). I have personal knowledge of the matters set forth herein. I submit this Declaration in support of GW's application for default judgment.

    2.    Plaintiff commenced this action by Complaint on or about June 5, 2018 [ECF No. 1]. Plaintiff subsequently filed an Amended Complaint on or about December 30, 2019. [See ECF No. 41 for Amended Complaint]. A copy of the Complaint is annexed hereto as Exhibit 1. A copy of the Amended Complaint is annexed hereto as Exhibit 2.

**Default Judgment Should Be Entered**

    3.    On April 6, 2020, Defendant's former counsel filed a motion to withdraw as counsel [ECF Nos. 59, 60, 61].

    4.    On September 29, 2020, the Court issued an Order (the "September 29, 2020 Order") which granted Defendant's former counsel's motion to withdraw, and stayed this matter

for thirty (30) days for Defendant to retain new counsel. [ECF No. 77]. A copy of the September 29, 2020 Order, is annexed hereto as Exhibit 3.

5. Defendant failed to appear by Counsel at a Court ordered conference on November 10, 2020.

6. Subsequently, on or about November 17, 2020, the Court Ordered (the "November 17, 2020 Order") that if "Defendant, having a last known business address at 208 East 51st Street #208, New York, New York 10022, does not appear in this action through new counsel by November 30, 2020, this Court shall Ordered entry of a Default Judgment against Defendant." [ECF Doc. 81]. A copy of the November 17, 2020 Order with proof of service is annexed hereto as Exhibit 4.

7. Defendant once again failed to appear at the November 30, 2020 conference by counsel.

8. On December 1, 2020, Plaintiff's counsel filed a letter with the Court requesting permission to move for default. [ECF Doc. 83].

9. On December 10, 2020 the Court endorsed Plaintiff's letter, granting Plaintiff permission to move for default judgment.

**Calculation of Damages**

10. As discussed in the Weinstein Dec., Defendant is in material breach of the various agreements with GW, and has prevented GW from effectuating conversions of the Notes. Therefore, GW is entitled to damages.

11. The liquidated damages provisions of the Notes were reasonable at the time of execution of the agreements and are not grossly disproportionate to the conceivable losses that could occur from a breach and the trading price of the shares fluctuated widely. Thus, the timing

of conversions and sale of stock would be essential to the determination of damages. Weinstein Dec. ¶26.

12. In accordance with the First NOC and pursuant to the Notes, Defendant was required to deliver 27,981,317 shares, (or 1,399,056.85 post reverse split[1]), within three business days after May 22, 2018. Three business days after the May 22, 2018 NOC, on May 25, 2018, the volume weighted average price of the shares was $0.068, making the shares that were to be provided under the First NOC worth the sum of $95,136.48. See Exhibit N to the Weinstein Dec. for a copy of a stock chart showing the volume weighted price on these dates. Weinstein Dec. ¶27.

13. In accordance with the Second NOC and pursuant to the Notes, Defendant was required to deliver 18,505,635 shares, (or 925,281.75 post reverse split), within three business days after May 29, 2018. Three business days after the May 29, 2018 NOC, on June 1, 2018, the volume weighted average price of the shares was $0.0737, making the shares that were to be provided under the Second NOC worth the sum of $68,193.26. See Exhibit N for a copy of a stock chart showing the volume weighted price on these dates. Weinstein Dec. ¶28.

14. Therefore, damages incurred from Defendant's failure to honor the First NOC and Second NOC total at least $163,329.74, ($95,136.48+$68,193.26=$163,329.74). Weinstein Dec. ¶29.

15. In addition, pursuant to the cross-default provision in the Second Note, when Defendant breached the First Note and failed to cure the breach, it automatically defaulted on the Second Note. Section 9(h) of the Second Note includes as part of events of default whether "[t]he Company shall have defaulted on or breached any term of any other note of similar debt instrument

---

[1] On January 10, 2019, the Defendant executed a 1-for-20 reverse stock split.

into which the Company has entered and failed to cure such default within the appropriate grace period." Consequently, Defendant is in breach of the Second Note. Accordingly, GW is also entitled to $36,750.00, the sum owed under the Second Note, which has not been paid. In total, GW is entitled to at least $200,079.74, ($163,329.74+$36,750.00=$200,079.74). Weinstein Dec. ¶30.

16. As set forth above, the volume weighted average trading price of Defendant's shares on May 25, 2018, (three business days after the First NOC was sent), was $0.068. See Exhibit N to the Weinstein Dec. Thus, on May 25, 2018, the value of 27,981,317 shares (or 1,399,056.85 post reverse split), was $95,136.48. Accordingly, GW's damages for Defendant's failure to deliver the stock in accordance with the First NOC is at least $95,136.48. Weinstein Dec. ¶31.

17. As described above, under this calculation, GW is entitled to damages of at least $68,193.26 under the Second NOC. The volume weighted average trading price of Defendant's shares on June 1, 2018, (three business days after the Second NOC was sent), was $0.0737. See Exhibit N to the Weinstein Dec. Therefore, the value of 18,505,635 shares (or 925,281.75 post reverse split) would have been worth the sum of $68,193.26 on June 1, 2018, the day Defendant was required to deliver the stock to GW. Thus, GW's damages for Defendant's failure to deliver the stock in accordance with the Second NOC is at least $68,193.26. Weinstein Dec. ¶32

18. In addition, as previously explained, GW is entitled to damages of $36,750.00 under the Second Note. Pursuant to the cross-default provision of the Notes, when Defendant defaulted on the First Note, it breached the Second Note, as well. Consequently, GW is also entitled to $36,750.00, the damages equal to the principal of the Second Note. Weinstein Dec. ¶33.

19. Pursuant to the Notes, GW is also entitled to an award of twenty-four percent (24%) default interest from the date of default. Section 9(p) of each Note states, "Upon an Event of Default, interest shall accrue at a default interest rate of 24% per annum . . . ." Weinstein Dec. ¶34; See Exs. A and D to the Weinstein Dec.

20. Therefore, the Court should award default interest of 24% on the sum of $95,136.48 from May 25, 2018, the date of the breach as it pertains to the First NOC, which is three business days after the First NOC was sent. Weinstein Dec. ¶35; See Notes, § 9(p) annexed as Exhibits A and D to the Weinstein Dec.

21. Likewise, the Court should award default interest of 24% on the sum of $68,193.26 from June 1, 2018, the date of the breach as it pertains to the Second NOC, which is three business days after the Second NOC was sent. Weinstein Dec. ¶36; See Notes, § 9(p) annexed as Exhibits A and D to the Weinstein Dec.

22. Similarly, the Court should award default interest of 24% on the sum of $36,750.00, the balance remaining on the Second Note, from May 25, 2018, because when Defendant defaulted under the First Note and failed to cure that breach, it breached the Second Note. See Second Note, § 9(h) annexed as Exhibit D to the Weinstein Dec. (including as part of events of default whether "[t]he Company shall have defaulted on or breached any term of any other note of similar debt instrument into which the Company has entered and failed to cure such default within the appropriate grace period."). Weinstein Dec. ¶37.

**Attorneys' Fees Should Be Granted to Plaintiff**

23. In connection with my representation of Plaintiff in this matter, GW agreed to pay the hourly rate of $400 per hour. I have approximately 12 years of experience, am admitted to the

bar in New York and New Jersey, the Southern District of New York, the Eastern District of New York, and the United States Court of Appeals for the Second Circuit. The hourly rate of $400 is equal to or less than the hourly rate that I typically charge my clients for legal services.

24. A true copy of the invoices for the work billed on this matter is annexed as Exhibit 5 hereto. These invoices were contemporaneously rendered and accurately reflect the amounts of work done on this matter.

25. The invoices for this matter total $41,607.80 to date.

26. A proposed judgment is annexed hereto as Exhibit 6.

27. Accordingly, I respectfully request that GW be awarded this amount as and for its reasonable attorneys' fees.

Respectfully submitted,

Dated: New York, New York
       January 5, 2021

    LAW OFFICE OF JEFFREY FLEISCHMANN PC
    By: /s/ Jeffrey Fleischman
       Jeffrey Fleischmann, Esq.
    *Attorneys for GW Holdings Group, LLC*
    150 Broadway, Suite 900
    New York, N.Y. 10038
    Tel.: (646) 657-9623
    Fax: (646) 351-0694
    Email: jf@lawjf.com